**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Noel M. Quinn,

            Plaintiff,

vs.

City of Scottsdale,

            Defendant.

No.  CV-25-02894-PHX-SPL

**ORDER**

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 14), Plaintiff's Response (Doc. 15), and Defendant's Reply (Doc. 18). Having considered the parties' briefing, the Court now rules as follows.[1]

## I.  BACKGROUND

This action arises from Plaintiff's employment with the Defendant. In July 2022, Defendant hired Plaintiff as a firefighter recruit. (Doc. 13 at 2, ¶ 12). Shortly thereafter, Plaintiff suffered a neck injury and was placed on medical leave until January 2023. (*Id.* at ¶¶ 13–15). After returning from medical leave, Defendant allegedly refused Plaintiff's requests for disability accommodations and treated her less favorably than other employees. (*Id.* at 5–7, 10–11, 13, ¶¶ 39–40, 56–58, 64, 73, 108, 110, 115, 127). From February 2023 to August 2023, Plaintiff alleges Defendant and Defendant's employees

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

discriminated and retaliated against Plaintiff for her medical limitations and participation in a sexual assault investigation. (*Id.* at 3–4, 7, 11, ¶¶ 21–22, 28–29, 71, 115–16, 122). On August 2, 2023, Plaintiff resigned from her position as "she was unwilling to further risk her personal safety." (*Id.* at 12, ¶ 131).

On March 1, 2024, Plaintiff filed a civil rights intake questionnaire (the "Intake") with the Arizona Civil Rights Division ("ACRD"). (*Id.* at 13, ¶ 135; *see also* Doc. 13-1 at 2–9[2]). Plaintiff later filed a charge of discrimination (the "Charge") with the ACRD.[3] (Doc. 13 at 13, ¶ 139; *see also* Doc. 13-1 at 11). The ACRD issued a Notice of Right to Sue letter on February 26, 2025, (Doc. 13 at 13–14, ¶ 141; *see also* Doc. 13-1 at 11), and the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue letter on May 15, 2025, (Doc. 13 at 14, ¶ 142; *see also* Doc. 13-1 at 13–14).

On August 11, 2025, Plaintiff filed a complaint against Defendant for disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Doc. 1). Before Defendant filed its answer, Plaintiff filed a Stipulated Motion for Leave to Amend Complaint (Doc. 11), which the Court granted, (Doc. 12). On November 6, 2025, Plaintiff filed her First Amended Complaint ("FAC"). (Doc. 13). Defendant subsequently filed the present Motion to Dismiss for failure to state a claim for relief. (Doc. 14).

---

[2] The Court may consider the exhibits attached to the Amended Complaint without converting Defendant's Motion to Dismiss into a motion for summary judgment. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

[3] Plaintiff alleges the Charge was filed on March 1, 2024, despite the ACRD stating the Charge was filed on June 17, 2024. (Doc. 13 at 13, ¶ 139; *see* Doc. 13-1 at 11). Because this factual allegation is contradicted by Exhibit 1, the Court need not accept this allegation as true. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.").

## II.     LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave County*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) ("Rule 12(b)(6) provides the one and only method for testing whether" pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 598–99 (7th Cir. 2006) ("Rule 12(b)(6) does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.     DISCUSSION

### A. The March 1, 2024 Intake Questionnaire is Not a Charge

Defendant argues Plaintiff's claims fail as a matter of law because Plaintiff did not file the Charge with the ACRD or the EEOC "within 300 days of the alleged discriminatory act." (Doc. 14 at 1). More specifically, Defendant contends the Intake is not a formal charge of discrimination because the Intake did not make a request for remedial action, and Plaintiff did not attach a supplemental affidavit to the Intake to satisfy the "request to act"

3

requirement. (*Id.* at 4–6). Plaintiff disagrees,[4] arguing the Intake form "does [not] state that completing the Intake Questionnaire will not effectuate the filing of a charge," (Doc. 15 at 11), and her sworn declaration at the end of the Intake "implies a request for the agency to act," (*Id.* at 10).

To bring a Title VII or ADA[5] claim in district court, a plaintiff must first exhaust her administrative remedies. *Sommatino v. United States*, 255 F.3d 704, 707–08 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)). Exhaustion of administrative remedies requires the plaintiff to file a timely charge with the EEOC. *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002). In Arizona, a Title VII or ADA claim must be filed within 300 days of the alleged unlawful employment practice in order to be timely. *See* 42 U.S.C. § 2000e-5(e)(1); *Hernandez v. Maricopa Cnty. Cmty. Coll. Dist.*, No. CV-21-00742-PHX-DJH, 2022 WL 103528, at *4 (D. Ariz. Jan. 11, 2022) ("[T]he correct time limit for filing a Title VII claim in Arizona is 300 days."); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 n.12 (9th Cir. 2001); *see also Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1163 (D. Ariz. 2016), *aff'd*, 705 F. App'x 539 (9th Cir. 2017).

An EEOC intake questionnaire may qualify as a charge for exhaustion purposes if certain criteria are met. In the context of the Age Discrimination in Employment Act ("ADEA"), the filing of an intake questionnaire with the EEOC counts as a charge if the

[4] To the extent Plaintiff argues the Motion should be denied because the attachments to the Intake are not before the Court, (*see* Doc. 15 at 7), the Court notes that it is Plaintiff's burden to attach the relevant documents to the FAC. *See Scott v. Arviso*, No. 1:18-cv-0023-LJO-GSA-PC, 2018 WL 1505487, at *2 (E.D. Cal. Mar. 27, 2018) ("If Plaintiff chooses to submit exhibits or to refer to exhibits in the complaint, he must attach the exhibits to the complaint for the court's review.").

[5] Title I of the ADA incorporates the procedural requirements of Title VII, including the time limits for filing an administrative charge with the relevant agency. *See* 42 U.S.C. § 12117(a) ("The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides . . . to any person alleging discrimination on the basis of disability . . . ."); *Zimmerman v. Or. Dep't of Just.*, 170 F.3d 1169, 1177–78 (9th Cir. 1999).

4

questionnaire provides the information required by federal regulations and can "be reasonably construed as a request for the agency to take remedial action . . . or otherwise settle a dispute between the employer and the employee." *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("*Holowecki*"). District courts within the Ninth Circuit have subsequently applied this analysis to Title VII and ADA cases. *See, e.g.*, *Kennedy v. Columbus Mfg., Inc.*, No. 17-cv-03379-EMC, 2017 WL 4680079, *3 (N.D. Cal. Oct. 18, 2017); *Staton v. U.S. Airways Inc.*, 2011 WL 855789, *3 (D. Ariz. Mar. 11, 2011).

To determine whether a questionnaire requests remedial action, the Court examines the document "from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." *Holowecki*, 552 U.S. at 402. *Holowecki* liberally favors the employee such that "documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Id.* at 406.

Despite Plaintiff's insistence to the contrary, the March 1, 2024 Intake does not constitute a charge of discrimination. A claimant's request for remedial action must be objectively apparent from the questionnaire. *See id.* at 402; *see also Hasktn v. US Airways*, No. 2:14-cv-02901-SVW-JEM, 2015 WL 13357437, at *5 (C.D. Cal. Apr. 9, 2015) (finding the intake questionnaire constituted a charge as the plaintiff "checked a box indicating that he wishe[d] to file a discrimination charge."); *Blackburn v. Regents of the Univ. of Cal.*, No. C 07-4151 JF, 2008 WL 11388538, at *3 (N.D. Cal. June 12, 2008) (concluding the intake questionnaire was a formal charge where the plaintiff expressly requested the EEOC initiate a full investigation into the alleged discriminatory conduct).

Plaintiff claims that answering "yes" to the following declaration on the Intake's final page implies a request for agency action: "[b]y submitting this form electronically, I declare, under penalty of perjury under the laws of the state of Arizona that the information in this questionnaire is true and accurate." (Doc. 13-1 at 9; *see* Doc. 15 at 10). But the mere completion of the Intake creates no such inference. *See Semsroth v. City of Wichita*, 304 F.

App'x 707, 713 (10th Cir. 2008) ("Standing alone, these questionnaires cannot reasonably be construed as 'a request for the agency to take remedial action' because they relate only factual information about the Officers' allegations of discrimination and make no requests of the agency."). As Defendant stated in its reply, a "declaration attesting to the truth of the information in [an] intake questionnaire . . . does nothing more than affirm the *accuracy* of the information provided." (Doc. 18 at 5). The Court is unable to construe the declaration in Plaintiff's Intake as a request for remedial action. *See E.E.O.C. v. Freeman*, No. RWT 09cv2573, 2010 WL 1728847, at *7 (D. Md. Apr. 27, 2010) (finding the intake questionnaire did not constitute a charge because it did not evince an intent "to invoke the EEOC's investigative and remedial process," and the plaintiff's subsequent charge of discrimination suggested "that she was not requesting agency action at the time she filed her intake questionnaire.").

Thus, the Court is left only with the date Plaintiff filed her actual charge: June 17, 2024. (*See* Doc. 13-1 at 11). And, because the Charge was filed more than 300 days after August 2, 2023, the last possible date of discrimination, Plaintiff's claims are untimely. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Zaki v. Banner Pediatric Specialists LLC*, No. CV-16-01920-PHX-DLR, 2017 WL 105991, at *5 (D. Ariz. Jan. 10, 2017) ("Claims not filed with the EEOC within 300 days are time-barred.").

### B. Equitable Tolling Does Not Apply

In the alternative, Plaintiff argues in the doctrine of equitable tolling should apply because the ACRD allegedly mishandled her claim. (Doc. 15 at 12–13). Defendant contends that Plaintiff cannot rely on equitable tolling as she "did not act diligently in pursuing her charge prior to the expiration of the 300-day statute of limitations. (Doc. 18 at 7).

Filing a timely EEOC charge "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). For a statute of limitations to be equitably tolled, a plaintiff "must establish that they pursued

their rights diligently and that some extraordinary circumstances stood in the way." *WildEarth Guardians v. U.S. Dep't of Just.*, 181 F. Supp. 3d 651, 671 (D. Ariz. 2015). Such "extraordinary circumstances include situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (internal quotation marks and citation omitted).

Here, the Court cannot conclude that equitable tolling is warranted from the facts alleged in the FAC. Plaintiff briefly notes in her Response that the ACRD mishandled the Charge, (Doc. 15 at 13), but the FAC does not allege any facts showing Plaintiff actively pursued her judicial remedies or that the ACRD's investigation into Plaintiff's claims prevented her from filing a charge by the applicable deadline. *See WildEarth Guardians*, 181 F. Supp. 3d at 671. Because the FAC offers no basis to excuse Plaintiff's untimely filing, dismissal is warranted. *See Hukman v. Alaska Airlines Inc.*, No. CV-18-01104-PHX-DLR, 2018 WL 6928741, at *2 (D. Ariz. Nov. 7, 2018) (dismissing a Title VII claim because the plaintiff's complaint offered "no basis for equitably tolling Title VII's time period for filing an EEOC charge.").

## IV.   CONCLUSION

In sum, the Court will grant Defendant's Motion to Dismiss (Doc. 14). The March 1, 2024 intake questionnaire does not constitute a charge of discrimination as Plaintiff made no request for remedial action, and Plaintiff has not pleaded facts sufficient to demonstrate that equitable tolling applies.

A district court, however, should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see* Fed. R. Civ. P. 15(a)(2). It may be possible for Plaintiff to allege additional facts about the mismanagement of the Charge that supports equitable tolling. Therefore, leave to amend is warranted. *See Ajanovic v. O.F.F. Enters.*, No. CV10-2487-PHX-DGC, 2012 WL 549876,

at *2 (D. Ariz. Feb. 21, 2012) (granting leave to amend to allow the opportunity to address the tolling of the statute of limitations argument).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 14) is **granted**. The First Amended Complaint (Doc. 13) is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint curing the defects identified in this Order by **July 11, 2026**. If Plaintiff does not do so, the action will be dismissed without further notice.

Dated this 10th day of June, 2026.

Honorable Steven P. Logan
United States District Judge

8